UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CECILIA REID, as beneficiary of the
Cecilia Reid Individual Retirement
Account,

        Plaintiff,

vs.                                      Case No.

FEDERAL NATIONAL FUNDING,
LLC,

        Defendant.
_____/

## COMPLAINT

Plaintiff Cecilia Reid ("Ms. Reid" or "Plaintiff") states her Complaint against Defendants Federal National Funding, LLC ("FNF") (collectively, "Defendants") for compensatory damages exceeding $75,000.00, as set forth herein:

**I.    PARTIES AND RELEVANT PERSON**

1. Plaintiff Cecilia Reid is an individual who is a citizen of the State of Florida and resident of Palm Harbor, Florida.

2. Defendant Federal National Funding, LLC is a New Jersey limited liability company operating from its office in Hackensack, New Jersey. The undersigned has searched for information regarding the citizenship of

FNF's members but has found no evidence that FNF has any member in the State of Florida.

3. Theodore Tracey ("Tracey") is an individual who is, upon information and belief, a citizen of the State of New York. Tracey was the agent of FNF who solicited Plaintiff to invest in the promissory note issued by FNF.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a)(2) because the matter in controversy exceeds the sum of $75,000 and is between Plaintiff, a citizen of the State of Florida, on the one side, and Defendant which is a citizen of New Jersey.

5. In support of the allegation that the matter in controversy exceeds the sum of $75,000, Plaintiff has brought this action related to the repayment of her delivery of $588,275.85 to Defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the Plaintiff designated her address in Palm Harbor, Florida, within this District, as the place where FNF was due to make payment to her.

## III. FACTUAL ALLEGATIONS

7. Ms. Reid met Tracey through a mutual acquaintance at a church conference.

8. Ms. Reid was approaching retirement and had $588,275.85 in funds invested in her retirement plan through the Lockheed Martin Salaried Savings Plan.

9. Tracey flew to Florida to convince Ms. Reid to invest her retirement in a promissory note issued by FNF (the "Note"); collect Ms. Reid's check payable to an individual retirement account custodian, Provident Trust Group, LLC ("Provident"); and have Ms. Reid execute certain paperwork from Provident to instruct Provident to wire funds to FNF.  A copy of the Note is attached as **Exhibit A**; a copy of the check payable to Provident is attached as **Exhibit B**; and copies of the application and wire instructions to deliver funds to FNF are attached as **Composite Exhibit C**.

10. Based on Tracey's representations, Plaintiff conferred a benefit on Defendant when she wired $588,275.85 in her retirement funds to Defendant from her individual retirement account.

11. Defendant knew Plaintiff conferred a benefit on it.

12. Defendant voluntarily accepted and has retained the benefit conferred.

13. The circumstances are such that it would be inequitable for Defendant to retain the benefit without paying the value therefor to Plaintiff.

14. According to the terms of the Note, FNF agreed to pay Ms. Reid a balloon payment of $628,625.00 on or before November 1, 2016.

15. The Note provided:

> [i]n the event that any payment of principal and/or interest is not made within thirty (30) days that same is due, which event shall constitute an 'Event of Default' hereunder, the undersigned shall pay, during the period of such default, interest on the unpaid balance of the indebtedness evidenced by this Note at the highest rate allowed by law.

16. FNF also agreed, through the Note, that

> [t]ime is of the essence hereunder and, in case the Note is collected by law or through an attorney-at-law, or under advice there from, the undersigned agrees to pay all costs of collection including reasonable attorneys' fees. Reasonable attorneys' fees are defined to include, but not be limited to, all fees incurred in all matters of collection and enforcement, construction and interpretation, before during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

17. The Note also provided that "[t]he Note is to be governed, interpreted and construed by, through and under the laws of the State of New Jersey."

18. On or about November 1, 2016, Ms. Reid agreed to renew the Note and continued renewing the Note until 2020.

19. On December 15, 2020, FNF wrote to Ms. Reid:

> Pursuant and according to the terms and conditions of the promissory note executed on October 13, 2015, Federal National Funding LLC. is obligated to tender a payment in the amount of $831,726.73 to you on December 15, 2020.
>
> We have just been informed that the funds that were to be paid to us prior to the due date of the note and your request for distribution has been delayed. As a valued client, we sincerely apologize for the inconvenience and we are expecting the return of your funds within the next 15-30 days. In the event of further delay, we are assured that the funds will be in our possession no later than June 15, 2021.
>
> Once again, our apologies for the inconvenience. For just consideration, we will pay an additional 5% interest to be credited to your final payment amount.

A copy of the letter from FNF is attached as **Exhibit D**.

20. FNF has failed to make any payment and is in default under the terms of the Note.

21. The Note provided that it would be governed, interpreted and construed by, through and under the laws of the State of New Jersey.

22. Under New Jersey law, the highest rate of interest permitted on a note issued by a limited liability company is fifty percent (50%) per annum.

23. Accordingly, the Note has incurred, and is incurring, interest at the rate of 50% per annum on the unpaid balance since 30 days after December 15, 2020, or since January 15, 2021.

24.     Defendant has made two payments to Plaintiff totaling $50,000.00.

25.     Plaintiff has hired undersigned counsel and is obligated to pay counsel's fees for prosecuting this action.

## COUNT I
### Breach of Contract
(*in the alternative to Count II*)

26.     Plaintiff incorporates by reference Paragraphs 1-25 as if stated in full herein.

27.     On October 13, 2015, Plaintiff and Defendant executed the Note.

28.     The Note is a valid and enforceable contract.

29.     Defendant is in breach of the terms of the Note and is in default.

WHEREFORE, Plaintiff demand judgment against Defendant for $831,726.73 in principal and interest due on December 15, 2020; interest accruing at the rate of seven percent (7%) per annum from December 15, 2020 to January 15, 2021, or $4,785.28; interest accrued and accruing at the rate of fifty percent (50%) from January 16, 2021, to the present, less the $50,000.00 paid by Defendant; Plaintiff's reasonable attorneys' fees in accordance with the Note; the costs of prosecuting this action; and for such further relief as is fair and just.

## COUNT II
## Unjust Enrichment
*(in the alternative to Count I)*

30.     Plaintiff incorporates by reference Paragraphs 1-2, 4-9, 10-13 and 24-25 as if stated in full herein.

31.     Based on Tracey's representations, Plaintiff conferred a benefit on Defendant when she wired $588,275.85 in her retirement funds to Defendant from her individual retirement account.

32.     Defendant knew Plaintiff conferred a benefit on it.

33.     Defendant voluntarily accepted and has retained the benefit conferred.

34.     The circumstances are such that it would be inequitable for Defendant to retain the benefit without paying the value therefor to Plaintiff.

WHEREFORE, Plaintiff demand judgment against Defendant for $588,275.85, prejudgment interest accruing in accordance with Fla. Stat. § 55.03, less the $50,000.00 paid by Defendant; post-judgment interest accruing in accordance with Fla. Stat. § 55.03; the costs of prosecuting this action; and such further relief as is fair and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury for all issues so triable.

|  |  |
|---|---|
| Date: January 14, 2022 | Respectfully submitted, |

Sallah Astarita & Cox, LLC
*Counsel for Plaintiff*
3010 N. Military Trail, Ste. 210
Boca Raton, Florida 33431
Tel.: (561) 989-9080
Fax: (561) 989-9020

/s/Joshua A. Katz
**James D. Sallah, Esq.**
Fla. Bar No. 0092584
Email: jds@sallahlaw.com
**Joshua A. Katz, Esq.**
Fla. Bar No. 0848301
Email: jak@sallahlaw.com