UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECILIA REID,

    Plaintiff,

v.                                                            Case No: 8:22-cv-124-SCB-JSS

FEDERAL NATIONAL FUNDING,
LLC,

    Defendant.
_____/

## **ORDER**

Plaintiff moves the court for an order compelling post-judgment discovery against Defendant pursuant to Federal Rule of Civil Procedure 37. (Motion, Dkt. 21.) Upon consideration and for the reasons stated below, the Motion is granted in part.

Plaintiff initiated this action on January 14, 2022 for breach of contract and unjust enrichment arising from Defendant's failure to pay Plaintiff under the terms of a promissory note executed between the parties. (Dkt. 1.) Defendant failed to appear and the court entered final default judgment against Defendant in the amount of $1,278,711.94 plus interest. (Dkts. 17, 18.) Following judgment, Plaintiff served Defendant with her First Request for Documents in Aid of Execution of Judgment via U.S. Mail on August 16, 2022. (Dkt. 21 at 1–2; Dkt. 21-1). Defendant has failed to respond to Plaintiff's discovery requests. (*Id.*)

In the Motion, Plaintiff seeks an order compelling Defendant to respond to her discovery requests within 14 days, finding that Defendant's objections to those requests are waived, and providing notice to Defendant that failure to comply may be treated as contempt of court. (Dkt. 21 at 3–4.) Plaintiff served the Motion on Defendant via U.S. Mail on January 17, 2023, directed to the address at which service was effected. (*Id.* at 5.) Defendant's response to the Motion was therefore due on or before February 3, 2023. M.D. Fla. R. 3.01(c); *see* Fed. R. Civ. P. 6(d) (providing that three days must be added to the applicable time period when service is made by mail under Rule 5(b)(2)(C)). Defendant failed to file a response and the court therefore treats the Motion as unopposed pursuant to Middle District of Florida Local Rule 3.01(c).[1]

The court has broad discretion in deciding to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Federal Rule of Civil Procedure 69(a)(2) governs post-judgment discovery and provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The "scope of post-judgment discovery is broad, and courts allow a judgment creditor the freedom of inquiry to discover concealed assets of a judgment debtor." *In re Bavelis*, No. 17-cv-

---

[1] The court notes that Defendant, as a Limited Liability Company, may not proceed before the court without counsel. *See* Middle District of Florida Local Rule 2.02(B) ("A party, other than a nature person, can appear through the lawyer only.")

61269, 2020 WL 4003496, at *2 (S.D. Fla. July 15, 2020) (punctuation and citation omitted).  When a party fails to respond or make objections to discovery requests, the party propounding the requests may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.

The court finds that Plaintiff's requests are relevant and proportional in aid of execution of Plaintiff's judgment in this matter and Defendant has failed to respond or otherwise object to Plaintiff's requests in a timely manner.  (Dkt. 21; Dkt. 21-1); *see* Fed. R. Civ. P. 34(b)(2)(A).  As Defendant failed to file a response to the Motion, the court finds that Plaintiff is entitled to the requested discovery.  *See, e.g.*, *Am. Home Assur. Co. v. Weaver Aggregate Trasp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014) (granting judgment creditor's motion to require judgment debtors to complete and serve post-judgment discovery); *HCDL Holdings, LLC v. TKCT Milford, LLC*, No. 6:17-cv-62-Orl-40TBS, 2018 WL 6620317, at *1 (M.D. Fla. Nov. 5, 2018) (granting motion to compel in aid of execution where "discovery sought here is relevant, Defendants have not responded, and their failure to respond is unexcused"); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) ("The district court did not abuse its broad discretion in compelling defendants' compliance with the post-judgment discovery requests of plaintiff.").

Accordingly,

1. Plaintiff's Motion to Compel (Dkt. 21) is **GRANTED in part**.
2. Defendant shall respond to Plaintiff's First Request for Documents in Aid of Execution of Judgment within 30 days of this order.

3. Plaintiff's request for an order finding Defendant's objections to her discovery requests to be waived is denied without prejudice, as the court may address Defendant's objections when and if they are raised.[2]

4. Plaintiff shall serve a copy of this order on Defendant in accordance with Federal Rule of Civil Procedure 5.

**ORDERED** in Tampa, Florida, on February 17, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Defendant Federal National Funding, LLC

---

[2] Plaintiff's further request that the court "include in its order notice to Defendant and/or its principal officer, Theodore Tracey, that Defendant's failure to obey the [c]ourt's order to provide discovery may include treating non-compliance as contempt of court" (Dkt. 21 at 3) is denied as such a notice already appears in Federal Rule of Civil Procedure 37(b)(2)(A): "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders [including] treating as contempt of court the failure to obey any order[.]" Fed. R. Civ. P. 37(b)(2)(A).